IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARMEET SINGH,

    Petitioner,                        No. CIV S-10-2924 GEB GGH P

    vs.

GARY SWARTHOUT,

    Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the July 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. First, he contends that the Board violated his Fifth Amendment right to procedural due process by failing to provide him with an updated psychological assessment before his hearing. Second, he asserts that the Board's application of Marsy's Law in issuing a seven-year parole denial violated the ex post facto clause of the federal constitution.

        On February 28, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___,

1

131 S. Ct. 859, 861 (2011).[1]

The parties have timely filed briefing, yet for the reasons set forth in the prior order, and notwithstanding petitioner's argument, petitioner has not alleged a procedural due process claim under Swarthout.  Petitioner does not allege that he was denied the "minimal" procedural protections afforded to California inmates in parole hearings, namely an opportunity to be heard, access to his records in advance, and a statement of reasons for the Board's denial. 131 S. Ct. at 862.  His assertion that the Board should have based its determination of his current dangerousness on a recent psychological report does not state a claim for habeas relief under this standard.

As to petitioner's challenge to Marsy's Law for his seven-year parole denial, that claim should be dismissed in light of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH.  The parameters of the Gilman class, as is made clear in the Order certifying the class, include petitioner.  Order, filed on March 4, 2009, in Gilman v. Fisher, CIV-S-05-0830 LKK GGH.[2]  The Gilman class is made up of:

> California state prisoners who: "(I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions.

Id., p. 10.[3]

What is at issue in the suit are: "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings."  Id., p. 8 (emphasis in original).  The "frequency of the hearings" is precisely what is at issue in the Marsy's Law claim of the instant petition.

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

[2] See Docket # 182 of Case No. 05-CV-0830.

[3] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

1    Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

2    If petitioner files objections, he shall also address if a certificate of appealability
3    should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
4    U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
5    constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
6    which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

7    These findings and recommendations are submitted to the United States District
8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9    days after being served with these findings and recommendations, any party may file written
10   objections with the court and serve a copy on all parties.  Such a document should be captioned
11   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12   shall be served and filed within fourteen days after service of the objections.  The parties are
13   advised that failure to file objections within the specified time may waive the right to appeal the
14   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   DATED: April 29, 2011                    /s/ Gregory G. Hollows

16                                            _____
                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE
17

18
     ggh:14
19   sing2924.fr

20

21

22

23

24

25

26

3